(83 App. Div. 212.)

## SHAW v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. **MUNICIPAL CORPORATIONS—SUIT FOR PERSONAL INJURY—NOTICE OF INTENTION—SUFFICIENCY.**

   Laws 1886, p. 801, c. 572, provides that no action against a city for personal injuries shall be maintained unless notice of intention to sue, and of the time and place of injury, shall have been filed with the corporation counsel within six months thereafter. Plaintiff served on counsel for defendant city a copy of a claim presented to the comptroller, which contained a statement of the time and place of the accident, and the facts connected therewith, including the injuries, and that plaintiff claimed a certain amount "for damages for personal injuries." Four days later counsel required plaintiff to submit to an examination as to the claim made. *Held*, that the notice was sufficient, though addressed to the comptroller, and omitting any explicit statement of an intention to sue.

2. **SAME—AMENDMENT OF COMPLAINT.**

   On the trial of an action against a city for personal injuries, it is not error to permit the complaint to be amended, so as to allege that notice of intention to sue was given to the corporation counsel as required by Laws 1886, p. 801, c. 572.

6. **JOINDER OF CAUSES OF ACTION—OBJECTION—WAIVER.**

   Under the express provisions of Code Civ. Proc. § 499, the failure to demur, where such practice is proper, for a misjoinder of causes of action, as authorized by section 488, is a waiver of the objection.

---

¶ 3. See Pleading, vol. 39, Cent. Dig. § 1370.

Appeal from Trial Term, New York County.

Action by Charles W. Shaw against the city of New York. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William B. Crowell, for appellant.

Mary Coleman, for respondent.

McLAUGHLIN, J. On the 25th of May, 1898, the plaintiff was driving in one of the public streets of the city of New York, when a horse, with a wagon attached, belonging to the defendant, ran into and damaged plaintiff's carriage, and also seriously injured both him and the horse. This action was brought to recover from the defendant the damages sustained, upon the ground that the same were due to the negligence of defendant's employé. The particular act of negligence charged in the complaint was that defendant's servant, an employé of the street cleaning department, "so carelessly and negligently drove and managed a horse and wagon which was in the charge, custody, and control of the defendant, and in the pursuit of the business of the defendant, that by reason thereof he permitted the said horse to remain on the street without being guarded or tied, whereby said horse ran away, and said horse and wagon struck the plaintiff's wagon," etc. The plaintiff had a verdict, and defendant has appealed.

We are of opinion that there was sufficient evidence to go to the jury upon the question of whether defendant's employé was negligent in permitting the horse which subsequently ran away to stand unfastened and unattended in the street, and that the finding of the jury that such employé was negligent cannot, upon all the facts presented, be said to be against the weight of evidence. The finding of the jury, therefore, establishes that the damages sustained by the plaintiff were the result of the negligence of one of defendant's employés in the street cleaning department, and for which the city is liable. Missano v. The Mayor, 160 N. Y. 123, 54 N. E. 744. It is urged, however, that the judgment should be reversed because the plaintiff did not allege in his complaint, or prove upon the trial, that a notice of intention to sue had been filed with the corporation counsel, as required by chapter 572, p. 801, Laws 1886. This statute provides, among other things, that:

"No action against the mayor, aldermen and commonalty of any city * * * for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor * * * shall be maintained * * * unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof, within six months after such cause of action shall have accrued."

The complaint alleged, and the answer admitted, that prior to the commencement of the action the plaintiff presented to and filed with

the comptroller of the defendant a claim for the damages for which a recovery was had, and which contained a statement of the time and place of the accident, and the facts connected with it, including the injuries received by the plaintiff, and the damage to his horse and carriage, and that he claimed "$15,500 for damages for personal injuries." The plaintiff proved upon the trial that the same notice was, by his attorney, served upon the corporation counsel, by whom service was admitted. The notice was defective in that it was in form addressed to the comptroller of the defendant, and did not contain an explicit statement of an intention to sue. These defects, however, we are of the opinion are unimportant, when considered in connection with the other facts stated in or connected with the notice, and especially the acts of the corporation counsel. Within a few days after the notice had been served, the plaintiff was required to submit to an examination, conducted by an assistant to the corporation counsel, as to the claim which he had made. The notice was entitled "Charles W. Shaw against The City of New York." It is stated that the plaintiff claimed and demanded from the city damages for personal injuries, and, when served upon the corporation counsel, this was understood by him as a notice of an intention to sue under the statute, as is evidenced by the examination referred to. The statute, it will be observed, prescribed no particular form, although it states in general terms the nature of the notice required. The object sought to be accomplished by the statute was to require a notice to be given to the legal adviser of the city of the nature of the claim, the place where and the circumstances under which it arose, and an intent on the part of the one making the claim to enforce it, to the end that such adviser might investigate, while the matter was fresh in the minds of witnesses, the facts materially connected with or involved in it. The notice here served accomplished that object as fully and completely as could any notice, no matter in what form it was or what statements it contained, and therefore the case is brought directly within the principle laid down in Missano v. The Mayor, supra, and Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749. In the Missano Case it was held that a notice which purported to be given in compliance with section 1104 of the New York consolidation act, Laws 1882, p. 305, c. 410, and was addressed to and filed with the comptroller, was a substantial compliance with chapter 572, p. 801, of the Laws of 1886, inasmuch as the notice was by him sent to the corporation counsel, who filed and acted upon it. In referring to the notice, the court said:

"While the direction of the statute is one which must be strictly followed, I do not perceive any good reason for holding that the failure of the plaintiffs to file the notice with the counsel to the corporation is fatal to the maintenance of their action, if, in fact, the corporation counsel received and filed the notice. Especially should this be so when, as here, he acted upon it by examining the plaintiffs upon the notice to them to appear."

And in the Sheehy Case, where the notice failed to state in terms an intention to commence an action, it was held that the notice was sufficient, inasmuch as it substantially complied with the statute, and

gave the corporation counsel information that a claim was made and of an intention to enforce it, the court saying:

"The plain object of this statute was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed.  On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights.  While in an action like this the statute must be substantially complied with, or the plaintiff cannot recover, still where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient."

Nor do we think any error was committed at the trial in permitting the complaint to be amended to the effect that the notice of an intention to sue was given to the corporation counsel prior to the commencement of the action.  The amendment did "not change, substantially, the claim" of the plaintiff.  The defendant admitted it was not surprised by the amendment, and upon the facts it could not have been injured.

It is also suggested that it was improper to permit a recovery for injuries to plaintiff's person and an injury to his property in the same action.  But this point does not seem to have been raised either prior to or at the trial.  If causes of action were improperly united, under subdivision 7 of section 488 of the Code of Civil Procedure, defendant could have raised that question by demurring to the complaint, and, not having done so, he must be deemed, under section 499 of the Code of Civil Procedure, to have waived such objection.

Upon the whole case, therefore, we are of the opinion that the judgment and order should be affirmed, with costs.  All concur.