## MORAN v. SALT LAKE CITY.

No. 3079.   Decided April 26, 1918.   (173 Pac. 702.)

1. MUNICIPAL CORPORATIONS—CLAIMS FOR DAMAGES—PRESENTING CLAIM TO CITY—SUFFICIENCY OF NOTICE. A letter advising the mayor and city council of, and demanding payment for, damages alleged to be due to the city's negligence in releasing water from a reservoir, and statement made to the board of public works personally and by letter demanding payment, were insufficient to comply with Comp. Laws 1907, section 312, requiring claims for damages due to city's negligence to be filed with the city council within thirty days stating the time and describing the place where the injury occurred.[1]   (Page 409.)

---

[1] Distinguishing *Bowman* v. *Ogden City*, 33 Utah, 196, 93 Pac. 561.

2. MUNICIPAL CORPORATIONS—NOTICE OF CLAIMS—BOARD OF PUBLIC WORKS—POWER. Since, under Comp. Laws 1907, section 286, stating the powers of the board of public works, such board has no power to consider or settle damage claims for the city's negligence, notice of claims served on the board of public works was not binding upon the city. (Page 412.)

3. MUNICIPAL CORPORATIONS—CONTRACTS—CONSTRUCTION — UNUSUAL DAMAGES. Where contractor agreed to build a conduit and at his own expense to construct a flume to care for the water during construction, and "repair any and all damages caused by high water or from any other cause or source," he did not undertake to repair damages caused by the negligence of the city in permitting the reservoir waters suddenly to flow down the stream bed. (Page 412.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. M. L. Ritchie,* Judge.

Action by M. J. Moran against Salt Lake City.

Judgment on verdict for plaintiff. Defendant appeals.

REVERSED, and new trial granted.

*W. H. Folland,* City Atty., *Horace H. Smith* and *Walter W. Little,* Asst. City Attys., *Wm. H. Leary* and *J. M. Lanigan* for respondent.

GIDEON, J.

On the 24th day of February, 1910, the plaintiff entered into a written contract with Salt Lake City, through the board of public works of said city, to construct a reinforced concrete conduit in Parley's creek at Twelfth South street in said city. It is alleged in the complaint that during the performance of that work the city negligently permitted the water from one of its reservoirs, situated on said creek easterly from where the work was being done, to flow over the work and destroy the dams and other devices placed there by the plaintiff to protect the work being done, and by reason thereof plaintiff was damaged. It is also alleged that that occurred on four different occasions during the performance of

the work.  The first time was in the early part of March, 1910, and the last time on or about the 26th day of April, 1910. The city demurred to the complaint and, as one of its grounds, alleged that it did not appear that plaintiff had presented his claim for damages to the city as provided by section 312, Comp. Laws Utah 1907.  The provisions of that section, so far as material, are that every claim against an incorporated city or town for damages or injury claimed to have been caused by the defective, unsafe, dangerous, or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge of said city or town, caused by the negligence of the city or town authorities in respect to any street, etc., shall be, within thirty days, presented to the city council of such city in writing, signed and verified by the claimant, stating the particular time at which the injury happened, and describing the place where it occurred.  Further on, in the same section, it is provided that every claim other than those mentioned above must be presented to the city or town authorities properly itemized or described and verified. as to correctness by the claimant or some one authorized by him, within one year after the last item of such account or claim accrued. That plaintiff's claim for damages falls within the second provision of that paragraph is not disputed.  The demurrer was overruled.  Defendant city answered.  Trial was had and resulted in a verdict for the plaintiff.  From that judgment the city appeals.

It is assigned as error, among others, that the court erred in not sustaining the demurrer to the plaintiff's complaint. Without determining. the question whether it was error to overrule the demurrer, we are of the opinion that the case must be reversed on other grounds.  Unquestionably the better pleading, and it would seem the necessary pleading, requires that the plaintiff state in his complaint every element that would entitle him to recover, and, if presenting the claim to the city is considered a prerequisite to the right to recover, it would seem to be a necessary allegation of the complaint.  However, as indicated, we are clearly of the opinion, under the facts as disclosed by the record, that the evidence does not show that the plaintiff

ever complied with the requirements of section 312 in presenting his claim for damages to the city. The only evidence in the record bearing upon this question is found in the testimony of W. J. Moran, son of the plaintiff, who was connected with the plaintiff in doing this particular work. As stated by him in his direct testimony:

"We wrote a letter to the mayor and the city council and notified them that we would hold them responsible for their actions there and demanding payment for the work that we had to replace. * * * We had a conference with the board of public works in formal session one evening, and at another time the city held an investigation in Mr. McGonagle's office to ascertain if this damage did occur, and then the board of public works at that time sent Mr. Rookledge, one of its members, to see us. * * * We had a conference with the members of the board of public works, individually and in session, and also in conjunction with the city engineer, and the mayor and city council were duly notified immediately after these occurrences each time, in person, and finally by letter, demanding payment for the four times that they had injured us."

Further on in the testimony the same witness stated: "We sent a letter, but I don't know the date." The witness was then shown what purported to be a communication dated November 26, 1910, addressed to the mayor and city council of Salt Lake City, signed "Moran Contracting Company, by W. J. Moran, Secretary," and stated that that letter was sent to the city council at that date. The letter itself is nowhere introduced in evidence and is not in the record. What it contained can only be inferred from the statement of the witness that he notified them "that we would hold them responsible for their actions there and demanding payment for the work we had to replace." It nowhere appears that the letter advised the city as to the items, or that it was verified, or that the claim was described in any way further than to state that the city would be held responsible for the work that the plaintiff had to replace. There is nothing in the record to indicate that the mayor or city council ever received that communication, or that it was ever presented to them in an official way,

or otherwise, or that the city ever took any action or considered the matter as a claim presented to it.

We are clearly of the opinion that under the clear language of the statute the action of the plaintiff did not meet the requirements of section 312, supra. Accepting the statement of Mr. Moran as to the contents of the communication sent to the mayor and city council, it does not appear that that claim was verified as to its correctness, or that it was itemized, or described, or that it contained any of the facts required by the provisions of the section. To hold that the communication claimed to have been sent to the city was a compliance with the statutes, without some action on the part of the city waiving such requirements, would be, in effect, to nullify the provisions of the statute and to bind cities, regardless of whether claimants had advised them in any particulars as to the nature of the claim, and to that extent at least would effect the repeal or repudiation of what the Legislature considered to be a prerequisite to the right to maintain a suit against municipalities.

Respondent insists that under the holdings of this court in *Bowman* v. *Ogden City*, 33 Utah, 196, 93 Pac. 561, the city cannot now object that the claim was not more formally presented and verified as required by the section above mentioned. In that case a letter was sent by the claimant to the city council, was received by the council, considered in regular session, a committee was appointed to investigate the facts and report, and upon the coming in of that report and after its consideration by the council an award of a certain amount was made the claimant in settlement of his demand. The claimant afterwards being dissatisfied with the amount brought suit to recover an additional sum. The city interposed as a defense that the plaintiff had not complied with section 312 by presenting a detailed and verified claim, and therefore was not entitled to recover. This court rightfully held that the city had waived any objections it might have made by accepting the claim, investigating the facts, and during that time making no objections that it was not verified or otherwise made out as provided by statute. It will readily be seen that the facts in that case are not at all similar to the facts here. It

is not shown here that any claim for any specific amount was ever presented to the city council, or that the items or parts going to make up any amount were ever included in the letter which it is contended met the requirements of said section 312. It is not contended that the requirements of the statute defining conditions under which suits may be brought against municipalities is not within the constitutional right of the Legislature to enact.

Section 312, supra, and section 313, same book and page, are set out in full in the majority opinion of this court in *Dahl* v. *Salt Lake City*, 45 Utah, 554, 147 Pac. 622, and I have for that reason not burdened this opinion with a full copy of those two sections.

The notice served upon the board of public works, or any of its members, would not be binding upon the defendant city. The duties and powers of that board, as it existed at that time, are defined by section 286, Comp. Laws Utah 1907, page 216, as "to make contracts on behalf of the city for the performance of all such works and the erection of all such improvements as may be ordered by the city council, subject to the approval of the council. * * * To superintend the performance of all such work and the erection of such improvements. * * * To approve the estimates of the city engineer which may be made from time to time and to accept the work when the same shall be fully completed according to contract, subject to the approval of the council." Nowhere is that board or its members given any authority to consider or settle damage claims against the city for any acts of negligence on its part, or for any other cause. Clearly, any notification or communication addressed to that board would not be binding upon the city.

It is further contended on the part of the appellant that the plaintiff cannot recover by reason of certain provisions in the contract made between him and the city, wherein the contractor agrees, "at his own expense, to construct a flume or other device to take care of the waters of Parley's creek, and to carry it past the works while in the course of construction; * * * at his own expense, repair in an acceptable manner any and all damages caused by streams,

floods or high water in Parley's creek, or from any other cause or source, during the construction of the work. * * *'' In our opinion the contractor did not undertake by those provisions to repair any damages caused by the negligence of the city, and if the waters of the reservoir were negligently permitted to flow down over the work of the plaintiff, as claimed in his complaint and as the evidence tends to establish, then the city could not excuse itself or throw the burden upon the plaintiff by reason of those provisions of the contract. Such provisions of the contract were clearly intended to provide for the normal or usual flow of Parley's creek, or high water caused by rain or melting snow at that particular season of the year and not against the negligent acts of the city in turning down the stream, without notice, the contents of a storage reservoir.

For the reasons indicated, the judgment must be reversed and a new trial granted. Appellant to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.