STATE of Missouri ex rel. Benedict D.
FERRO, et al., Relators-Appellants,

v.

Mary OELLERMANN, Clerk of the City of
Bridgeton, Missouri, and Earl L.
Davis, Respondents.

No. 33617.

St. Louis Court of Appeals,
Missouri.

Sept. 22, 1970.

**584**

Maniscalco, Clancy & Pittman, George D. Pittman, Jr., Clayton, for relators-appellants.

Peper, Martin, Jensen, Maichel & Hetlage, William A. Richter, St. Louis, Earl L. Davis, St. Ann, pro se, for respondents.

SMITH, Commissioner.

Relators appeal from the action of the trial court in dismissing their application for a writ of mandamus against respondent Oellermann which dismissal was upon the ground that the "Petition seeks to compel a discretionary act by Writ of Mandamus." The act sought to be compelled is a certification to the City Council by Oellermann, as City Clerk of the City of Bridgeton of the sufficiency of petitions for recall of intervenor-respondent Davis as mayor of Bridgeton. The issue here is whether the well pleaded facts of relators' application state a cause of action in mandamus. We hold they do.

The application sets forth the status of the parties and incorporates in *haec verba* the pertinent portions of the charter of Bridgeton conferring the power of recall upon the citizens and setting forth the procedures to be followed. Essentially those provisions require a petition "signed by voters of the city equal in number to 20% of the registered voters qualified to vote for the office in question as shown by the registration records at the time of the last regular municipal election." The recall petition must contain a general statement of the grounds for removal; each signer must designate his residence; the circulator of each paper making up the petition must sign a statement of the number of signers of the paper, that the signatures were made in his presence and are genuine and that he believes each signer to be a registered voter of the city. After the petition is filed the city clerk "shall determine whether each paper of the petition has a proper statement of the circulator and whether the petition is signed by fewer persons than the number certified, the signatures shall be accepted unless void on other grounds." If the petition is sufficient the clerk is required to certify it to the council; if insufficient he is required to set forth in his certificate the particulars in which it is defective and mail a copy of the certificate to the person filing the petition. Within ten days after notification of insufficiency the petition may be amended by filing a supplementary petition, which the clerk must again examine for sufficiency. If sufficient, the clerk must so certify to the council; if still insufficient the clerk must file his certificate to that effect and no further action is had on the petition. If the certification to the council is that a sufficient petition has been filed the council must set a date for

the election to submit the question, "SHALL (name and title) BE REMOVED FROM OFFICE" and upon a majority vote to recall, a vacancy in the office shall exist.

On December 16, 1968, relator Ferro filed with the city clerk a recall petition as to Davis containing 1,684 signatures. This petition was returned to that relator on January 16, 1969, with a certification that it contained only 1120 valid signatures of qualified registered voters and that 1263 signatures were required. On January 23, 1969, Ferro refiled the original petition and a supplemental petition with 464 additional signatures.

On February 5, 1969, the petition was returned to Ferro with a certification that it was insufficient and defective in the following particulars:

"Item 1:

The total number of registered voters in the City of Bridgeton qualified to vote at the last regular municipal election held on April 2, 1968 was 6,318.

A valid petition for the recall of Mayor Davis accordingly must contain the valid signatures of 1,263 voters of the city, being twenty percent of said total of citizens qualified to vote at the last regular municipal election.

The said petitions with amendment contains only 1136 signatures (valid except for Items 2 and 3 below) of qualified registered voters and is thus insufficient.

"Item 2:

The petition with amendment is void because the grounds for removal stated on the petition does not in fact exist. [The grounds set forth were that 'Davis has failed to properly administer the City Business as is his duty under Section 2.-05 of the Bridgeton City Charter].

"Item 3:

The petition with amendment is void because signatures to the petition with amendment were solicited, induced or ob-

tained by or as the result of illegal or improper misstatements or mispresentation by circulators of the petition."

Items 2 and 3 had not been included in the certification following the filing of the original recall petition.

Relators' application for writ set forth several grounds upon which it is contended the clerk exceeded her powers and acted without authority. Those grounds can be categorized as follows:

1. The certificates did not set forth the particulars in which the petition with amendment was defective.

2. The clerk did not make her determination within the time periods set forth in the city charter.

3. The certification as to Items 2 and 3 exceeded the powers and duties of the clerk.

4. The petitions contained enough signatures to require certification as sufficient.

5. The clerk acted arbitrarily, capriciously, illegally, unreasonably and without basis in law or fact in declaring the petitions insufficient.

Before turning to whether any or all of these alleged grounds state a claim for relief in mandamus we turn to the more basic and pervading question—whether mandamus lies at all to compel the clerk to certify this recall petition to the city council. The trial court apparently concluded that certification was a discretionary act which could not be compelled by mandamus. In support of this contention we are cited to Fleming v. Fones, 230 Mo.App. 1147, 91 S.W.2d 208, which held that the clerk's duties under the recall statute there involved were quasi-judicial and not reviewable by mandamus. Although there are distinguishing features between the *Fleming* statute and the Bridgeton charter, we find it unnecessary to discuss those as we conclude that *Fleming* is contrary to the latest holding of the Supreme Court in State ex

rel. Wahlmann v. Reim, Mo., 445 S.W.2d 336 (decided after the trial court's order in this case). In *Wahlmann* the court, in a mandamus proceeding, ordered certification of the sufficiency of a referendum petition by the city clerk of Kirkwood, who had determined the petition was insufficient. The referendum statute before the court specifically states that the petition is to be examined and certified to by the clerk as provided for in sections 78.260 through 78.290, RSMo.1959, which deal with recall. The duty of the clerk under § 78.270 in ascertaining the sufficiency of the petition is virtually the same as his duty under the statute involved in *Fleming, supra*. The decision in *Wahlmann* did not rely upon any charge of fraud, arbitrariness or capriciousness, but solely upon the determination that the clerk improperly struck a large number of the signatures on the petition. The Supreme Court did not specifically discuss the availability of mandamus to test the clerk's determination of insufficiency of the petition, but implicit in the *Wahlmann* decision is the holding that the writ is available for that purpose even without fraud, arbitrariness or capriciousness present. Whether the act of the clerk is regarded as ministerial, quasi-judicial or discretionary it is clear from *Wahlmann* that it may be tested by mandamus. The Bridgeton charter makes the clerk's duty even more ministerial than the statutes in *Wahlmann* or *Fleming* did.

We cannot, as suggested by respondents, conclude that referendum should be treated differently than recall. The statute in *Wahlmann* pertained to the clerk's duty in regard to both referendum and recall (as well as other statutory petitions). The charter of Bridgeton in which respondent-clerk's duty is set forth, states that duty in regard to initiative, referendum or recall petitions, with no indication that any difference in treatment is contemplated or intended.

Initiative, referendum and recall are rights reserved by the people, and as such are to be construed to make effective the reservation of power by the people. *Wahlmann, supra,* [4]; State ex rel. Voss v. Davis, Mo., 418 S.W.2d 163 [4, 5]. It is not in keeping with such construction to allow those rights to be thwarted by the act of a single individual, who makes no explanation for her action and who now contends that such action is not subject to judicial review. The duty of the clerk here is in no sense discretionary, she has no choice in her action after she makes the examination and determination required by the charter. Her position here really is that her determination of the number of persons who signed the petitions is discretionary or quasi-judicial and not subject to review by mandamus. Granting that some small degree of judgment may exist as to whether a given name is that of a person entitled to sign the petition, her job is essentially arithmetical and ministerial. Mandamus is the proper method to test her action in certifying the petitions as insufficient.

We now turn to the specific grounds alleged by relators to determine whether they state a basis for the issuance of a writ of mandamus if established by proof.

The first two alleged grounds are based upon the clerk's failure to comply with the charter provisions as to definiteness and timeliness of the certification. Neither of these grounds would warrant the relief sought by the relators—a compulsive order requiring certification as sufficient. The clerk's failure to perform her work within the time provided or to certify with sufficient definiteness cannot have the effect of converting an insufficient petition into a sufficient one or vice versa. State ex rel. Kemper v. Carter, 257 Mo. 52, 165 S.W. 773 [3, 4]. Relators' right to the compulsive order they seek must be based upon the actual sufficiency of the petition, not upon the procedural failures of the clerk.

Where a statute merely requires certain things to be done and does not prescribe the result if they are not done

the statute is deemed directory rather than mandatory, and not essential to the validity of the proceeding. State ex inf. Atty. Gen. ex rel. Lincoln et al. v. Bird, 295 Mo. 344, 244 S.W. 938 [3]; Conner v. Herd, Mo.App., 452 S.W.2d 272. The charter provision here does not prescribe that the failure of the clerk to adhere to the time or definiteness provisions of the charter will require a certification of sufficiency, and the relief sought by relators cannot be afforded on that basis.

■ Ground three, heretofore set out, is that the certification as to Items 2 and 3 exceeded the power of the clerk. Clearly it did and those items of the certificate are a nullity. The charter is specific on what the clerk is authorized to determine. It grants no authority to reject a recall petition on either of the grounds set forth in Items 2 and 3.

■ Whether the grounds set forth for recall exist or not is ultimately what the electorate determines, not the clerk. Nor is it any concern of the clerk what statements were made by the solicitors of the petition. State ex rel. Westhues v. Sullivan, 283 Mo. 546, 224 S.W. 327 [9, 10]. By charter provision the petition must contain a general statement of the grounds for recall and this petition did. The clerk is in no position to judge and is given no authority to judge the reasons why any given individual signed the petition. If a sufficient number of valid signatures appear on the petition and the petition is in proper form she has no choice but to certify it as sufficient to the council.

■ Respondents point to the language "the signatures shall be accepted unless void on other grounds" as vesting in the clerk the power to reject petitions for the reasons stated in Items 2 and 3. We cannot so interpret it. The provision relates only to the patent validity of the signatures appearing. It authorizes rejection of duplicate signatures, typed names, properly withdrawn names, names of persons who are not voters and similar deficiencies. It does not constitute authority to the clerk to reject valid signatures because she believes the signer was not adequately informed when he affixed his signature.

Items 2 and 3 furnish no basis on their face for the clerk's determination of insufficiency. Relators' allegations are sufficient to attack these items.

■ As to the fourth ground that the petition contains sufficient signatures, the allegations are sufficient to require the court to hear the matter. The application for writ alleges that the petitions contained a total of 2148 signatures; that 1263 signatures were required; and that the petitions contained enough signatures to require a certification of sufficiency. Attached to the application for writ as exhibits, and incorporated in the application were all the papers making up the petitions. Each paper contained the required affidavit and statement of the circulator setting forth the number of signatures, that each signature was made in the circulator's presence and is the genuine signature of the person it purports to be and that the circulator believes such signer to be a registered voter of Bridgeton.

The charter provides that the signatures be accepted by the clerk "unless void on other grounds." Nowhere in the certificate does the clerk set forth any grounds of voidness, nor does she indicate why 1012 signatures have been stricken.

■ The statements and affidavits of the circulators impart a prima facie verity to the clerk that the signatures are valid. State ex rel. Kemper v. Carter, 257 Mo. 52, 165 S.W. 773 [4]. The clerk's certificate here does not purport to overcome this prima facie verity and mandamus is the proper proceeding to test her determination. As stated in State ex rel. Kemper v. Carter, *supra*, at 165 S.W. 781:

"* * * In such mandamus suit the legality of the signers in all respects, the number of the signers, their residences, the genuineness of their signatures, and

other conditions precedent to legality may be fully threshed out as cold questions of law, upon the proof made on the trial as in any other mandamus suit. If, on the other hand, the Secretary of State file a referendum petition which is insufficient by reason of a lack of legal signers, or for lack of enough congressional districts represented, or by reason of forgery or other fraud, he may be enjoined from further action, and thereupon the whole matter of insufficiency from the lack of any requirement of statute or of Constitution may be judicially examined, determined, and adjudged."

Respondents contend that the allegations of the application for the writ are deficient because they fail to state in what respects the clerk erred in striking the names or refusing to count them.

Since the statements and affidavits of the circulators impart a prima facie verity that the signatures are valid it is unnecessary that relators set forth why the clerk erred in striking names. At most relators in attacking the certificate must fairly meet in their allegations the grounds of insufficiency set out in the certificate. But they are not required to meet grounds which are not set forth. The clerk has chosen to state only that insufficient signatures appear. The certificate forms the only basis under the charter upon which the person filing the petition can determine why the petition is deficient. Relators have met by their factual allegations the ground of insufficiency contained in Item 1 of relator-clerk's certificate.

The allegations of arbitrariness, capriciousness, etc. add nothing to relators' application for writ. Their right to issuance of the writ is dependent upon the petitions meeting the requirements of the charter, not upon the state of mind of the clerk. If sufficient valid signatures appear they are entitled to the writ, if not they are not.

The parties have not briefed nor have we decided whether the charter provision requires that the signatures be of registered voters or merely legal voters of Bridgeton. See State ex rel. Westhues v. Sullivan, 283 Mo. 546, 224 S.W. 327 [11]. We do not know from the clerk's certificate why she has refused to count some 1012 signatures, and it would be improper for us to speculate on the reason, or to rule a question not before us.

Judgment of dismissal reversed and cause remanded for further proceedings.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment of dismissal is reversed and cause remanded for further proceedings.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.