Jolene STAHL, Plaintiff and Appellant,

v.

UTAH TRANSIT AUTHORITY, a public agency, Defendant and Respondent.

No. 16419.

Supreme Court of Utah.

Sept. 12, 1980.

Wendall E. Bennett, Salt Lake City, for plaintiff and appellant.

Rex J. Hanson, David H. Epperson, Salt Lake City, for defendant and respondent.

STEWART, Justice:

On September 9, 1976, in Salt Lake City a bus owned by the Utah Transit Authority ("UTA") and driven by a UTA employee collided with the rear end of an automobile which in turn collided head–on with an automobile driven by the plaintiff. The plaintiff was taken to the Valley West Hospital for examination. Upon returning to work that same day plaintiff was contacted by Thomas Vance, an insurance adjuster for Brown Brothers Insurance, which represents UTA's insurer, Transit Casualty. He obtained a statement from her concerning the accident and wrote a two–page report based on her answers to his inquiries. Vance also had plaintiff sign a statement and a medical information release allowing her personal physician to disclose information to him.

On December 28, 1976, after 3½ months had elapsed with no action by the insurance company or UTA, plaintiff retained counsel. The following day counsel sent a written notice of claim to the Utah Transit Authority and to the Utah Attorney General. Suit was filed in district court July 14, 1977.

On motion the case was dismissed without prejudice. Plaintiff then filed an amended complaint, along with depositions of herself and the insurance adjuster, Vance. UTA moved for summary judgment for failure to comply with § 11–20–56 U.C.A., as amended, a part of the Utah Public Transit District Act. That section provides:

Claims against district–Requirements.– Every claim against the district for

death, injury or damage alleged to have been caused by the negligent act or omission of the district *shall be presented to the board of directors in writing within thirty days after* the death, injury, or damage, signed and verified by the claimant or his duly authorized agent, stating the time and place where the injury or damage occurred and a general statement of the cause and circumstances of the death, injury or damages. No action under this section shall be commenced until sixty days after presentation, or unless the board of directors shall sooner deny claim. [Emphasis added.]

On the basis of that statute a judgment of dismissal was entered, and this appeal ensued. For the purpose of this appeal we state the facts developed in discovery in a light most favorable to the plaintiff.

Plaintiff contends that the provision above cited was not intended to be a statute of limitations and that § 63–30–12 of the Governmental Immunity Act provides the relevant statute of limitation in this case. Plaintiff also contends that UTA is estopped from relying on § 11–20–56 as a result of the actions of the insurance adjustor.

■ *Grant v. Utah State Land Board*, 26 Utah 2d 100, 485 P.2d 1035 (1971), held that it is for the judiciary to assume that each term of a statute was advisedly adopted by the Legislature. It is also our duty to construe a statutory provision so as to make it harmonious with other statutes relevant to the subject matter. The language in the Utah Public Transit District Act stands in direct contrast to the general notice of claim provision found in the Governmental Immunity Act enacted in 1965, four years prior to the Public Transit Act. The Governmental Immunity Act makes clear that a failure to comply with the notice provision results in a bar to prosecution of the action. Section 63–30–12, Utah Code Annotated (1953), as amended, provides that:

Claim against state or agency–Notice to attorney general and agency–Time for filing.–A claim against the state or any agency thereof as defined herein *shall be forever barred unless notice thereof is filed* with the attorney general of the state of Utah and the agency concerned within one year after the cause of action arises. [Emphasis added.]

Section 63–30–13 includes the same mandatory language in prescribing the penalty for noncompliance with the notice requirement regarding claims against political subdivisions.

■ We are guided in construing the language of the instant statute by the principle that generally a direction in a statute to do an act is considered "mandatory" when consequences are attached to the failure to act. Conversely, when a statute requires an action to be taken without prescribing a penalty for failure to so act, the requirement is not often deemed mandatory. *Whitley v. Superior Ct.*, 18 Cal.2d 75, 113 P.2d 449 (1941). See *Barton v. Atkinson*, 228 Ga. 733, 187 S.E.2d 835 (1972); *Paul v. City of Manhattan*, 212 Kan. 381, 511 P.2d 244 (1973); *State ex rel. Ferro v. Oellermann*, Mo., 458 S.W.2d 583 (1970); *Dunker v. Brown County Bd. of Ed.*, 80 S.D. 193, 121 N.W.2d 10 (1963); *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956); *State ex rel. Werlein v. Elamore*, 33 Wis.2d 288, 147 N.W.2d 252 (1967).

Further assistance in this case is provided by viewing the pertinent language in light of our Legislature's choice of language construction in similar provisions. The difference thus uncovered signifies a purposeful selection and indicates the intended meaning. See *Bird & Jex Co. v. Funk*, 96 Utah 450, 85 P.2d 831 (1939); *Canada Dry Bottling Co. v. Board of Review*, 118 Utah 619, 223 P.2d 586 (1950); *Ballou v. Kemp*, 92 F.2d 556 (D.C. Cir. 1937); *Commonwealth v. Reick Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965).

The express bar against maintaining an action for noncompliance with the notice provision in the Governmental Immunity Act, when compared with the Utah Public Transit District Act, which contains no such language, indicates an intent on the part of the Legislature not to impose a bar for

noncompliance with the notice provision of the latter act. It is not for the Court to read into the statute an intention to establish a statute of limitations which is not expressly stated in the statute.

The cases cited by defendant which hold a statutory notice requirement mandatory and a bar to filing an action without strict compliance with the time limitation involve statutory language which unequivocally designates a legislative intent to have the failure to comply stand as a bar to further action. These cases therefore are not controlling in the instant case. See *Crowder v. Salt Lake County*, Utah, 552 P.2d 646 (1976); *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335 (1972); *Peterson v. Salt Lake City*, 118 Utah 231, 221 P.2d 591 (1950).

Moreover, there was substantial compliance with the 30–day notice provision and defendant was in no way prejudiced by plaintiff's failure to comply with the formality of filing a claim.

■ A statute is, of course, to be construed in light of its intended purpose. *Child v. City of Spanish Fork*, Utah, 538 P.2d 184 (1975). It is necessary to consider the policy of the notice requirement so that in any particular case the facts can be evaluated to determine if the intent of the statute has been accomplished by substantial compliance with the statutory directive. *Smith v. State*, Ala., 364 So.2d 1 (1978). This Court has previously stated that the primary purpose of a notice of claim requirement is to afford the responsible public authorities an opportunity to pursue a proper and timely investigation of the merits of a claim and to arrive at a timely settlement, if appropriate, thereby avoiding the expenditure of public revenue for costly and unnecessary litigation. *Sears v. Southworth*, Utah, 563 P.2d 192 (1977); *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335 (1972).

We view plaintiff's contention that the notice given to the insurance adjuster in this case constituted compliance with the statute in light of these policy considerations. First, we note that § 63–30–14 of the Governmental Immunity Act equates the authority of the insurance carrier with that of the governmental entity concerning the notice to claimant of the approval or denial of a claim for injury. Thus the insurance agent is authorized by law to handle the approval or denial of plaintiff's claim, representing the interests of the government. *Rice v. Granite School District*, 23 Utah 2d 22, 456 P.2d 159 (1969). Further, Vance testified in this case that all claims against UTA are handled directly by his office and specifically by himself. The record also reveals that UTA informed Vance of the accident shortly after its occurrence. He immediately contacted plaintiff on the same day as the accident, obtained a signed statement of her version of the incident, and received a medical release form from her. In light of these facts, Vance's actions in obtaining a signed statement of plaintiff's version of the accident were for all practical purposes the acts of UTA.

■ Clearly there was substantial compliance with the notice provision. No undue hardship resulted from the notice being given to an agent of the party named in the statute. Considering the duties delegated to the insurance agent, it appears that the person entrusted with the investigation and settlement procedures received the requisite information in a timely fashion and within the time constraints imposed by the statute. Furthermore, conceding there is some validity to the necessity of having a notice in writing to guard against the unreliability of memory, the information given was committed to writing in a two–page report and signed by plaintiff, thus recording plaintiff's account of the accident.

A case closely in point with the case at bar is *Badger v. Upper Darby Township*, 348 Pa. 551, 36 A.2d 507 (1944). Plaintiff's counsel, within the prescribed period, gave written notice to the insurance carrier for the defendant township rather than the clerk or secretary of such municipality, as required by statute. The court, in allowing plaintiff to maintain an action for damages, declared:

In determining, in its discretion, whether a failure to file the notice prescribed by the act should be excused, a weighty circumstance to be considered by the court is whether or not the municipality has suffered any undue hardship. Here there is nothing to indicate that it did so suffer. Of controlling importance is the fact that within the prescribed period the insurance company was notified that claim was being made, was furnished with the essential facts in regard to the accident, and, by designating a physician to examine plaintiff, apparently admitted its responsibility to investigate the claim. *If, as would appear, the insurance company is the real party in interest, a decision denying plaintiff the right to prosecute her claim because of failure to give written notice to the township would be one of sheer literalism, for, had such notice been given, the township would undoubtedly, in due course, have turned it over to the company to which plaintiff's counsel had sent it in the first instance.* It is not unusual for lawyers representing claimants in accident cases to communicate with insurance companies directly rather than with defendants, since the former control the negotiations for settlement and prepare the defense in case of litigation. [Emphasis added.] [36 A.2d at 508–09.]

The instant case is clearly distinguishable from *Moran v. Salt Lake City*, 53 Utah 407, 173 P. 702 (1918). In that case a notice was presented to a party other than the recipient prescribed by statute. The Court consequently found the notice to be inadequate. The Court in *Moran* specifically found that the board to whom notice had been given lacked authority to consider or settle damage claims against the city for any acts of negligence. In the instant case, as pointed above, the insurance carrier through its agent has specific authority to consider and settle damage claims.

The cases cited by defendant in support of the contention that notice to the insurance agent does not comply with the notice requirement are distinguishable from the instant case. In those cases, the applicable statutes contained words of absolute prohibition as a consequence of noncompliance, thus suggesting a stricter standard of adherence. *Sears v. Southworth*, Utah, 563 P.2d 192 (1977); *Scarborough v. Granite School District*, Utah, 531 P.2d 480 (1975); *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973); *Roosendaal Construction and Mining Corp. v. Holman*, 28 Utah 2d 396, 503 P.2d 446 (1972). Furthermore, it should be noted in the instant case that plaintiff met the strict requirements placed on the cause of action by (1) the statute of limitation found in § 63–30–12 of the Governmental Immunity Act and (2) the prohibition against any action being brought until sixty days after presentation of notice found in § 11–20–56 of the Utah Public Transit District Act.

Other courts have also construed similar statutory notice requirements to hold that substantial compliance meets the statutory requirements even in the face of mandatory language. *Ray v. City of Council Bluffs*, 193 Iowa 620, 187 N.W. 447 (1922); *Brickell v. Kansas City*, 364 Mo. 679, 265 S.W.2d 342 (1954); *Peterson v. Kansas City*, 324 Mo. 454, 23 S.W.2d 1045 (1930); *Shaw v. City of New York*, 83 A.D. 212, 82 N.Y.S. 44 (1903).

In sum, the purpose of the notice requirement was satisfied.

Plaintiff's second contention is that UTA is estopped from relying on the notice of claim requirement in light of the insurance adjustor's conduct. Whether the facts in this case support an estoppel or waiver theory need not be decided in light of the foregoing.

Accordingly, we reverse and remand for a trial on the merits.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.