2003 UT 45

**Donald T. WILLS and Rita Wills,**
**Plaintiffs and Appellees,**

v.

**HEBER VALLEY HISTORIC**
**RAILROAD AUTHORITY,**
**Defendant and Appellant.**

**No. 20020170.**

Supreme Court of Utah.

Oct. 21, 2003.

Samuel D. McVey, Lorin C. Barker, Salt Lake City, for plaintiffs.

Mark L. Shurtleff, Att'y Gen., Sandra L. Steinvoort, Nancy L. Kemp, Asst. Att'ys Gen., Salt Lake City, for defendant.

NEHRING, Justice:

¶ 1 Donald and Rita Wills ("the Willses") were injured in a collision between their automobile and the Heber Valley Railroad train. The train is part of a "scenic and historic railroad" operated by the Heber Valley Historic Railroad Authority ("Railroad"), an entity created by the legislature. Utah Code Ann. §§ 9–3–302(1), 306(1) (Supp.2002). Pursuant to the Governmental Immunity Act ("Act"), *id.* § 63–30–3 (Supp.2002), and following the directives of Utah Code Ann. section 63–30–11(3)(b)(ii)(E) (Supp.2002), the Willses prepared a notice of claim which they mailed to "Attorney General, State of Utah, 160 East 300 South, 5th Floor, Salt Lake City, Utah 84114–0873." This is the address of the Heber Wells Building, which houses several divisions of the attorney general's office.

¶ 2 No one responded to the Willses' notice, so they sued the Railroad. The Railroad moved to dismiss the Willses' lawsuit. It claimed that although the Act mandates that the notice of claim be "directed and delivered" to the attorney general, the Willses failed to satisfy the statute because their notice went to the wrong office of the attorney general.

¶ 3 The trial court denied the Railroad's motion, and we agreed to an interlocutory review of the trial court's ruling that the notice strictly complied with the "direct and deliver" requirements of the Act. We review the trial court's ruling for correctness. *State v. Schofield,* 2002 UT 132, ¶ 6, 63 P.3d 667. We agree with the trial court and affirm.

¶ 4 We have long held that parties who seek to sue the State must strictly follow the requirements of the Act, *Wheeler v. McPherson,* 2002 UT 16, ¶ 11, 40 P.3d 632; *Hall v. Utah State Dep't of Corr.,* 2001 UT 34, ¶ 23, 24 P.3d 958, and we do not retreat from that standard today. The Act allows for scant deviation from "how, what, when and to whom a party must direct and deliver a Notice in order to preserve his or her right to maintain an action against a governmental entity." *Greene v. Utah Transit Auth.,* 2001 UT 109, ¶ 15, 37 P.3d 1156, 1159. This is reasonable because the plain language of the Act gives explicit guidance on these matters.

The Act is silent, however, on the matter of *where* a notice of claim must be directed and delivered.

¶ 5 To fill this statutory void, we look to our traditional methods of statutory construction. Preeminent among these principles is that any proposed interpretation of a statute must be compatible with its purpose and objective. *O'Keefe v. Utah State Ret. Bd.*, 956 P.2d 279, 280 (Utah 1998). According to the Railroad, the purpose of the notice provisions of the Act is to maximize efficiency of claim processing by limiting the delivery of notices to one location. Such efficiency, the Railroad argues, can be achieved only by interpreting the Act to mandate that a notice of claim be directed and delivered to the attorney general himself at the location in which he keeps a desk and chair. We find the Railroad's interpretation of the purpose of the Act's notice provision to be too narrow, and its view of the meaning of "direct and deliver" to be too restrictive.

¶ 6 We have previously determined that the purpose of the notice requirement of the Act is "to afford the responsible public authorities an opportunity to pursue a proper and timely investigation of the merits of a claim and to arrive at a timely settlement, if appropriate, thereby avoiding the expenditure of public revenue for costly and unnecessary litigation." *Stahl v. Utah Transit Auth.*, 618 P.2d 480, 482 (Utah 1980). Efficient claim processing is a component of this purpose, but neither our formulation of the Act's purpose nor that proposed by the Railroad supports an interpretation of the Act's notice of claim provision that requires service of the notice on the attorney general himself at a single location.

¶ 7 The attorney general might process claims with greater dispatch if notices were delivered to one address. However, concern over a diffusion of notice deliveries among the attorney general's numerous offices throughout the state has not stimulated the attorney general to tell the general public the address of his personal office, or to take any action to advance a "one address" policy apart from employing it as grounds to dismiss the Willses' lawsuit. To the contrary, a citizen's quest for the whereabouts of the attorney general using normal reference tools would yield no solid evidence of where he could be found.

¶ 8 Neither the telephone directory nor the attorney general's internet website discloses the location of the personal office of Utah's attorney general, Mark Shurtleff. The website highlights two addresses for the attorney general, making no distinction between them. One is the location in the State Capitol, the other the Heber Wells Building address used by the Willses. Correspondence sent to the Willses on official stationery of the attorney general bearing Mark Shurtleff's name on the letterhead carries the Heber Wells Building address. Had the Willses delivered their notice personally to the Heber Wells Building and sought directions from the building directory, they would have discovered that the fifth and sixth floors were home to the "Office of Attorney General." Even the briefs filed by the Railroad in this appeal indicate on their covers that attorney general Mark Shurtleff's address is the Heber Wells Building. By holding himself out to the public as having a presence in many offices about the state, the attorney general cannot reasonably be said to have only one location.

¶ 9 The attorney general oversees what is, in a very real sense, a large statewide law firm. As part of the managerial duties undertaken by the attorney general, he controls the manner in which his firm presents itself to the public. By failing to single out one location to accept notices of claim, and with neither an express nor implied statutory restriction to one site, the attorney general has acknowledged his presence in all of them.

¶ 10 The Railroad likens the issue of where the notice of claim must be delivered to our statutory requirement that corporations identify a registered agent to whose single address official matters may be directed. Utah Code Ann. § 16–10a–504 (2001). This comparison merely highlights an important distinction between the Railroad's view of the purpose of the Act's notice requirement and ours. The corporate agent requirement exists to benefit those desiring to conduct official business with the corporation by providing a readily discoverable corporate whereabouts. It was not enacted to ease the

administrative burdens of corporations. *See* Utah R. Civ. P. 4 advisory committee's note ("[Paragraph (d) ] is ... designed to simplify and unify practice for ... service."). Thus, efficiency of the receiving body is not the foremost goal of any service requirement, and we do not find it to be the underlying policy of the Act's notice requirements.

¶ 11 Accordingly, because the Willses' notice of claim was directed and delivered to an office of the attorney general, it strictly complied with the requirements of the Act. The order of the trial court is affirmed.

¶ 12 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.