2003 UT 44

**Katie SHAFER, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Appellee.**

No. 20020120.

Supreme Court of Utah.

Oct. 21, 2003.

Peter W. Summerill, Salt Lake City, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Nancy Kemp, Asst. Att'y Gen., Salt Lake City, for defendant.

NEHRING, Justice:

¶ 1 Like its companion case, *Wills v. Heber Valley Historic Railroad Authority*, 2003 UT 45, 79 P.3d 934, which we also decide today, this appeal concerns a personal injury lawsuit brought against the Heber Valley Railroad Authority ("Railroad"). This appeal presents us with the same issue we confronted in *Wills:* Does a notice of claim served on the attorney general at one of his offices, but not the office that he personally occupies, satisfy the requirement of the Governmental Immunity Act ("Act") that the notice be "directed and delivered" to the attorney general? Utah Code Ann. § 63–30–11(3)(b)(ii)(E) (Supp.2002). The trial court concluded that it did not and granted the Railroad's motion to dismiss. We disagree and reverse.

¶ 2 Plaintiff Katie Shafer ("Ms.Shafer") was injured while disembarking from a train operated by the Railroad. She sent a notice of claim by certified mail to the attorney general, addressed to 515 East 100 South, Salt Lake City, UT 84101.

¶ 3 The address to which the notice was mailed is the child support division of the attorney general's office. It is not the location of the personal office of the attorney general. The attorney general's personal office is located at the State Capitol Building, 236 North State Street.

¶ 4 After receiving no response from the Railroad, Ms. Shafer filed a complaint in district court. The Railroad responded with a motion to dismiss. It claimed that Ms. Shafer had failed to strictly comply with the

notice requirements of the Act. The district court granted the Railroad's motion.

¶ 5 The issue before us is one of statutory construction, which we review for correctness. *Toone v. Weber County*, 2002 UT 103, ¶ 4, 57 P.3d 1079. We examine the notice requirements of the Act against the backdrop of these facts using the analysis we explained in *Wills*, 2003 UT 45, 79 P.3d 934.

¶ 6 The Act mandates that "the notice of claim shall be . . . directed and delivered to . . . the attorney general, when the claim is against the State of Utah." Utah Code Ann. § 63–30–11(3)(b)(ii)(E). The Act does not state where a notice must be directed when the designated recipient has more than one address.

¶ 7 To resolve this ambiguity, we look to the purpose and intent of the Act. That purpose is "to afford the responsible public authorities an opportunity to pursue a proper and timely investigation of the merits of a claim and to arrive at a timely settlement, if appropriate, thereby avoiding the expenditure of public revenue for costly and unnecessary litigation." *Stahl v. Utah Transit Auth.*, 618 P.2d 480, 482 (Utah 1980).

¶ 8 In *Wills*, we held that the delivery of a governmental immunity notice on the attorney general at any location where he holds himself out as having a presence is congruent both with the purpose of the Act and our requirement that parties strictly comply with its provisions. 2003 UT 45 at ¶ 11. That holding dictates the outcome here.

¶ 9 The fact that Ms. Shafer directed her notice of claim to an address that houses the child support division of the attorney general's office does not alter the fact that it is a location where the attorney general has presented himself to the public as maintaining a presence. The nature of the work done at that site is not material. Rather, the relevant fact is who is doing the work—here, the attorney general. It is of no consequence that the address in this case was clearly identified as that of the child support division, nor would it matter if a notice were sent to any of the many statewide offices of the attorney general that are designated as housing a particular division. The attorney general has taken no affirmative steps to single out any of his addresses as the one suitable for delivery of notices of claim.

¶ 10 Accordingly, because Ms. Shafer's notice of claim was directed and delivered to an office of the attorney general, it strictly complied with the requirements of the Act. The order of the district court is reversed and the matter remanded for further action consistent with this opinion.

¶ 11 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.