Justice Durham,
dissenting:
¶42 I respectfully dissent, While the majority’s reading of the statute is plausible, I am unpersuaded that the mere adjective “comprehensive” can legitimately be made to accomplish all the labor the majority attributes to it. I agree with the analysis of the court of appeals, which pointed out that “comprehensive” does not mean “exclusive,” and that the Utah Governmental Immunity Act (UGIA) is in fact not exclusive on its face. Craig v. Provo City, 2015 UT App 145, ¶¶ 9-12, 352 P.3d 139. The court of appeals correctly noted in that regard that the statute contemplates governmental waiver of immunity, but does not even provide for or create a cause of action, requiring litigants to “turn to other statutoiy provisions and common law to supply the causes of action for their claims against governmental entities.” Id. ¶ 11.
¶43 It is true that the UGIA contains a number of procedural requirements as to timing of claims. However, once again I conclude that the court of appeals correctly characterized those requirements as focusing on the hurdles a claimant must clear before proceeding on a claim and limiting the time in which civil actions must be filed. These are all requirements aimed at providing “the government with notice which *afford[s] the responsible public authorities an opportunity to pursue a proper and timely investigation of the merits of [the] claim.’ ” Id. ¶ 12 (alterations in original) (quoting Shafer v. State, 2003 UT 44, ¶ 7, 79 P.3d 936). “Assuming the plaintiff complies with these requirements, the UGIA’s purpose is satisfied.” Id. Once the notice function is accomplished, no further purpose of the UGIA is implicated by the Savings Statute.
¶44 In conclusion, it seems to me that the use of the single adjective “comprehensive” (especially when the statute is clearly not comprehensive in the sense of being freestanding or exclusive) is a strange way for the legislature to negate all other statutes of general application, and a slender reed to sustain the majority’s holding. I also note that the majority’s inclusion of footnote 3 goes a little far in suggesting that this court has endorsed corpus linguistics as a favored interpretive tool, a question that is still under consideration. See State v. Rasabout, 2015 UT 72, ¶ 16, 356 P.3d 1258; id. ¶ 36 (Durrant, C.J., concurring); id. ¶ 41 (Lee, A.C.J., concurring).