NEEDHAM v. HURAND.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—ORAL LEASE.
   Letter from defendant to plaintiff wherein defendant stated he could not give any assurance as to date store premises would be ready for occupancy, that length of lease, rental terms and general lease terms would be mutually agreed upon at a later date was not a sufficient memorandum to satisfy the statute of frauds as to claimed oral lease since it does not contain the terms of the agreement (CL 1948, § 566.108).

2. SPECIFIC PERFORMANCE—PLEADING—LEASES.
   Bill of complaint wherein it was alleged that the parties agreed that the lease was for a period of 3 years and also that the lease was to be for 5 years and then prayed specific performance of agreement as to lease was properly dismissed for lack of definite understanding or agreement of the conditions of the proposed lease.

3. EQUITY—MOTION TO DISMISS—MATERIAL FACTS ACCEPTED AS TRUE.
   All properly alleged material facts are accepted as true on motion to dismiss a bill of complaint.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  49 Am Jur, Statute of Frauds, § 353 et seq.
[2]  49 Am Jur, Specific Performance, § 22 et seq.

Appeal from Genesee; Elliott (Philip), J. Submitted June 13, 1950. (Docket No. 61, Calendar No. 44,686.) Decided September 12, 1950.

Bill by Mary Needham against Julius Hurand and others for specific performance of oral lease. Decree for defendants. Plaintiff appeals. Affirmed.

*Harold H. Bobier,* for plaintiff.

*Wilson, Hoffman & Davidson* (*Gilbert Y. Rubenstein,* of counsel), for defendants.

Sharpe, J. This is a suit for specific performance of a claimed oral lease for rental of a parcel of real estate.

In plaintiff's amended bill of complaint it is alleged that in June, 1945, she was the operator of a restaurant located at 1551 Detroit street, Flint, Michigan; that the owner of the real estate upon which the restaurant was located was one Solomon from whom plaintiff procured a lease expiring June 30, 1947; that shortly after she entered into the lease with Solomon, the fee interest in said premises was acquired by defendants by purchase from Solomon; that prior to June, 1946, she discussed with defendant Julius Hurand securing a longer lease; that in the early part of June, 1946, she and defendant Julius Hurand agreed to an extension of 3 years of the lease of 1551 Detroit street beginning June 30, 1947; that plaintiff then engaged decorators to decorate the interior of the restaurant and closed the restaurant for such purpose; that at this time defendant Julius Hurand proposed that plaintiff surrender her lease in exchange for occupancy of premises immediately adjacent to those which she occupied; that the lease arrangement was to be for 3 years beginning June 30, 1947, but the rental would

increase to $125 a month; that she thereupon surrendered the unexpired leasehold to one Harold Harrison for a consideration of $600 paid by Harold Harrison who then proceeded to occupy the premises known as 1551 Detroit street; that defendants promised to redecorate the new premises and prepare for plaintiff's occupancy by October of 1946; that she received a letter dated June 14, 1946, from defendant Julius Hurand which reads as follows:

"Pursuant to our recent conversation, this letter is to let you know that you will be given the first opportunity to lease my building on 1553 Detroit st., Flint. I cannot give any assurance as to the date the store will be ready for occupancy, but as soon after completion of our building next door and after alterations on 1553 Detroit st. have been completed, you will be given the opportunity to lease the store in question. Length of lease, rental terms and general lease terms will be mutually (*sic.*) agreed upon between us at a later date."

Plaintiff also alleges that shortly prior to October, 1946, she was advised by defendant Julius Hurand that the new premises would not be completed as scheduled as a lack of materials was retarding the construction; that in July, 1947, she caused her attorney to make a formal demand on defendant for performance of the oral agreement; and that defendant refused to comply with the demand, whereupon plaintiff instituted the present suit.

Defendants filed a motion to dismiss plaintiff's bill of complaint giving as reasons therefor the following:

"1. That the plaintiff has an adequate remedy at law, and the facts set forth in said bill of complaint do not constitute a basis for equitable relief.

"2. That the claim of right on which the action is founded is unenforceable under the provisions of the statute of frauds."

The trial court entered a decree dismissing plaintiff's amended bill of complaint. The only writing between the parties in connection with this controversy is the letter above quoted, but this letter does not contain the terms of the agreement and therefore is not a sufficient memorandum as required by CL 1948, § 566.108 (Stat Ann § 26.908).

Plaintiff urges that her amended bill of complaint sets forth an oral agreement between the parties for a lease of the premises at 1553 Detroit street calling for surrender of her lease on 1551 Detroit street in exchange for a lease of the premises at 1553 Detroit street for a term of 3 years; that the court was in error in failing to hear the testimony; and that plaintiff's performance of her part of the agreement by surrender of her right to a year's occupancy of 1551 Detroit street under her lease and holding herself in readiness to occupy the new premises subject to the new lease agreement constituted sufficient part performance of the oral agreement to take it out of the statute of frauds (CL 1948, § 566.110 [Stat Ann § 26.910]).

We note that plaintiff in her amended bill of complaint alleges:

"That shortly in advance of October, 1946, your plaintiff was advised by defendant, Julius Hurand, that the renovation of the new premises would not be completed as scheduled, and that a lack of materials was retarding the construction;   *   *   *

"That in January of 1947,   *   *   *   defendant Julius Hurand proposed to your plaintiff that she advance to him $1,500 to take care of store front alterations on the new site being prepared for your plaintiff; that thereupon your plaintiff countered to the defendant, Julius Hurand, that she would accede to his request if the defendant would agree to give her a lease to run 5 years from the date of occupancy of the new leasehold; that, after discussion, the de-

fendant, Julius Hurand, did agree to the 5-year lease to your plaintiff and your plaintiff then instructed him to have the lease drawn and presented to her so that she could execute it, as your plaintiff was very desirous of having a long-term lease, and your plaintiff at all times considered that even though the defendant, Julius Hurand, did not produce the new lease for a 5-year term, at $125 a month rental, that the lease agreed upon in June of 1946 would be performed by the defendant and that she could rely upon that."

We also note that plaintiff's amended bill of complaint alleges that in June, 1946, the parties agreed that the lease was for a period of 3 years from and after June 30, 1947, while in her prayer for relief we find the following:

"That the court order the defendants and each of them to expressly and specifically perform in accordance with their exchange and refusal arrangement herein mentioned."

From an examination of the bill of complaint it clearly appears that there was no definite understanding or agreement of the conditions of the proposed lease. We are not unmindful of the rule that on motion to dismiss a bill of complaint we must accept all properly alleged material facts as true, see *Mahon* v. *Sahration,* 310 Mich 563.

The decree of the circuit court dismissing plaintiff's bill of complaint is affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.