# BIRDZELL v. UTAH OIL REFINING CO.

No. 7749.   Decided April 1, 1952.   (242 P. 2d 578.)

See 37 C. J. S., Frauds, Statute of, sec. 181. Memorandum of lease terms as sufficient for statute of frauds. 49 Am. Jur., Statute of Frauds, secs. 353 et seq.; 16 A. L. R. 26, 621.

*Shields & Shields,* Salt Lake City, for appellant.

*Grant A. Brown, J. T. Hammond, Jr.,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

Action by the appellant, plaintiff below, to recover damages for the alleged breach by the respondent of an oral contract to execute a sub-lease of real property. The trial court granted a motion made by the respondent for a summary judgment in its favor on the ground that neither the alleged agreement nor an adequate memorandum thereof was in writing as required by Section 33-5-3, Utah Code Annotated, 1943. From that judgment, this appeal is. brought by the appellant.

In 1936, the respondent, which had leased certain service station facilities at Wendover, Tooele County, Utah, from the Western Pacific Railroad Company, sub-leased those premises to the appellant for a term of one year. Thereafter, the sub-lease was renewed several times by the parties and after the expiration of the last one-year term, the appellant remained in possession as a tenant from month-to-month, as provided by the sub-lease, until January 10, 1949, when the parties mutually terminated the sub-lease. The appellant contends that prior to the close of the year 1947 he became anxious to further his business and made several requests to the respondent for a new sub-lease; that after numerous personal discussions and telephone calls, it was

orally agreed that if the respondent were successful in obtaining a ten year renewal of its lease with the Railroad Company, which expired December 31, 1947, it would sublease the premises to the appellant for the remainder of the life of that renewed lease. After the alleged oral agreemnt had been made, a letter was written by Mr. A. G. Olofson, representing the respondent, to the appellant. This letter, reading as follows, is relied upon by the appellant as a memorandum of the oral agreement which allegedly had been made:

"December 29, 1947

"Mr. R. M. Birdzell
Wendover, Utah
"Dear Mr. Birdzell:

"We hold the premises occupied by our Station No. 511 at Wendover, Utah, under a lease from the Western Pacific Railroad Company, which expires December 31, 1947.

"At the present time we are negotiating with that company for a lease of these premises for a further term of ten years commencing January 1, 1948, but have not as yet concluded such a lease. In the event that we make a new lease with that company for a term of ten years, we shall be willing to sublease the premises to you for the unexpired term of such lease pursuant to a written lease to be entered into between us which will include all applicable and appropriate terms of the standard form of lease we now use in leasing service station property to others, and in addition the following terms:

"1. That the lease shall be subject to all terms and conditions of the lease with Western Pacific Railroad Company and that you shall comply strictly with each and every of such terms and conditions.

"2. That you shall occupy and use the leased property and operate the service station thereon in all respects in strict conformity with rules, regulations and instructions from time to time issued by the company and to the entire satisfaction of the company. And that you will make a special effort to keep the rest rooms in a clean and sanitary condition.

"3. That you shall not sublease the premises in whole or in part or allow the same to be occupied or used by another without the prior written consent of the Company.

"4. That, in the event the lease between the company and the railroad company shall be terminated pursuant to the terms and condi-

tions thereof prior to the expiration of the term thereof, the lease between the company and you shall thereupon be immediately terminated, effective upon the date of such prior termination.

"5. That in the event that you breach any term or condition of the lease or fail to comply therewith in any particular, the company shall be privileged to terminate the same with or without notice to you and immediately take possession of the leased premises.

"6. That you will pay your present account with us in full and thereafter pay cash on delivery for all merchandise purchased from us.

"It is impossible at this time to determine the amount of the monthly rental you shall be required to pay under the terms of the lease. This will be determined by the Company after it has entered into the lease of the premises with the railroad company and will be based upon the amount of rent the company is required to pay to the railroad company.

"Yours very truly,
"Utah Oil Refining Company
"/s/ A. G. Olofson."

On January 18, 1950, the respondent obtained a ten year renewal of its lease with the Railroad but declined to sublet the premises to the appellant.

The sole question for our determination is whether the above letter constitutes a sufficient memorandum to satisfy the requirements of Sec. 33-5-3, U. C. A. 1943, providing:

"Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing."

The above letter will not suffice as an adequate memorandum because it lacks an acknowledgment or recognition that a contract has been entered into by the parties. See Corbin on Contracts, Vol. 2, Secs. 503, 511; *Ebling Brewing Co.* v. *Cereal Products Co.,* 2 Cir., 6 F. 2d 984; *Franklin Sugar Refining Co.* v. *John,* 279 Pa. 104, 123 A. 685; *Upton Mill & Elevator Co.* v. *Baldwin Flour*

*Mills,* 147 Minn. 205, 179 N. W. 904. Such acknowledgment or recognition need not be shown by memorandum in cases where a written and signed offer is relied upon as a memorandum because the acceptance may be proved by oral testimony. But in the instant case the appellant does not contend that he made an oral acceptance to an offer made in writing and signed by the respondent. He claims to have made an oral acceptance to an oral offer made by the respondent, and that the letter appearing above is a memorandum of that contract having been written after the alleged contract had been entered into. Under his contention, the appellant must fail since there is nothing in the letter which expressly or impliedly lends authenticity to the existence of the alleged oral agreement theretofore made by the parties. By its very language, the letter purports to be nothing more than an expression of willingness on the part of the respondent, if it is successful in obtaining a renewal of its lease with the Railroad, to sublease the premises to the appellant upon certain terms and conditions. The letter contains no allusion to even any previous negotiations between the parties. In fact, the letter implies that no agreement had been theretofore reached since it sets forth the terms upon which the respondent would be willing to sublease to the appellant.

However, even if the letter did contain an admission, acknowledgment or recognition of the alleged prior oral agreement, there is another reason why it will not suffice as a memorandum. It is fundamental that the memorandum which is relied upon to satisfy the statute of frauds must contain all the essential terms and provisions of the contract. *Collett* v. *Goodrich,* 119 Utah 662, 231 P. 2d 730; *Hawaiian Equipment Co.* v. *Eimco Corp.,* 115 Utah 590, 207 P. 2d 794. As will be noted, the letter does not state what amount the rent shall be but expressly leaves that question upon for further negotiations. In an oral contract to execute a lease for a period longer than one year, the amount of the rent is clearly one of the essential

terms which must appear in a memorandum. The court in *Rohan* v. *Proctor,* 61 Cal. App. 447, 214 P. 986, 988, stated that

"it may be stated as settled law that a memorandum of agreement for a lease which is required to be in writing, in order to satisfy the statute of frauds, must contain all the essential and material parts of the lease which is to be executed thereafter according to its terms, and particularly must contain three essentials in order to [sic] its validity under the statute of frauds. These are: First, a definite agreement as to the extent and boundary of the property to be leased; second, a definite and agreed term; and third, a definite and agreed rental and the time and manner of its payment. Jones on Landlord and Tenant, § 137a".

The Supreme Court of Idaho in *Gaskill* v. *Jacobs,* 38 Idaho 795, 225 P. 449, reiterated the same requirements. The case of *Handy* v. *Barclay,* 98 Conn. 290, 119 A. 227, and *McMonigle* v. *Poorhouse,* 174 Okl. 534, 51 P. 2d 288, likewise require the amount of the rent to be stated in a memorandum of a contract to execute a lease. In a recent case, *Needham* v. *Hurand,* 328 Mich. 483, 44 N. W. 2d 17, the Supreme Court of Michigan held inadequate as a memorandum a letter from the defendant landlord to the plaintiff promising to lease a certain building to the plaintiff after completion of alterations because the letter expressly left open for future negotiations, among other things, the amount of rent to be paid. See the annotation at 16 A. L. R. 2d 643.

The judgment below is affirmed. Costs to the respondent.

We concur:

WADE, McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., did not participate, having disqualified himself.