495 P.2d 814

**Fred B. BAUGH and Grace H. Baugh, Plaintiffs and Appellants,**

**v.**

**LOGAN CITY, a municipal corporation, Defendant and Respondent.**

**No. 12547.**

Supreme Court of Utah.

March 24, 1972.

E. J. Skeen, Salt Lake City, for plaintiffs and appellants.

Ted S. Perry, Logan, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs initiated this action, seeking specific performance of an alleged contract to exchange real property. In the alternative, they sought $2000 damages. Defendant moved for summary judgment, which the trial court granted; plaintiffs appeal therefrom.

Plaintiffs alleged that on May 27, 1969, they proposed to the Logan City Commission that land owned by plaintiffs be exchanged for land of Logan City. They claimed that the proposal was accepted and approved by the Board of Commissioners, who authorized the mayor to sign a quitclaim deed transferring the land of Logan City to plaintiffs. Attached to plaintiffs' complaint were two unexecuted deeds which allegedly described the property to be transferred in the exchange. Plaintiffs further alleged that in reliance upon the contract, they, at great expense to themselves, had the land of Logan City surveyed for the purpose of obtaining a legal description. They claimed that on March 17, 1970, they tendered their quitclaim deed and offered to deliver it upon delivery by defendant of its exchange deed. Plaintiffs asserted that thereupon defendant repudiated its agreement and refused to participate in the exchange of deeds.

Defendant in its answer pleaded the Statute of Frauds, specifically Section 25–5–3, U.C.A.1953, and the Utah Governmental Immunity Act, specifically, Section 63–30–13, U.C.A.1953, wherein it is provided that a claim against a political subdivision shall be forever barred unless notice thereof is filed within ninety days after the cause of action arises.

In response to certain interrogatories, plaintiffs stated that their cause of action arose on March 17, 1970, the day the City repudiated the agreement and that they had never filed a claim in accordance with Section 63–30–13. They further asserted that their contract was removed from the Statute of Frauds by part performance. In the alternative they claimed that there was a

sufficient memorandum in writing to satisfy the statute. In response to a request for a copy of the written agreement, they stated:

The minutes of the meeting of the Board of City Commissioners of Logan City dated May 27, 1969, contain the following written evidence of a contract for exchange of property:

"A motion by Commissioner Bott and seconded by Commissioner Jacobsen to authorize the Mayor to sign a quitclaim deed transferring City Property in exchange for an easement of 13 feet from Fred Baugh for the purpose of constructing a sidewalk and widening the street between main and first west street. Mr. Baugh to remove the Tap Room building at his own expense and to relocate the canal to the original canal bed and also the building of the new sidewalk."

Based on the foregoing defendant moved for summary judgment. The trial court issued a memorandum decision which was incorporated into the judgment in favor of defendant. The trial court found that the claim was barred by the Statute of Frauds, Section 25-5-3, U.C.A.1953, which provides:

Every contract . . . for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing.

The trial court found that the writing upon which plaintiffs relied, the minutes of the Commission, did not describe the land to be exchanged and appeared to be an authorization to enter into a written contract rather than a memorandum of the contract itself. The court found that from the interrogatories answered by plaintiffs, there was nothing to indicate that the writing had been subscribed by the party by whom the sale was to be made or by his lawful agent thereunto authorized in writing. The court determined that concerning plaintiffs' claim of part performance, no part of the contract for an exchange of land had been performed, since the alleged acts of performance, a survey and preparation of deeds, were merely preparatory acts to the performance of the alleged contract. The court further found that since plaintiffs claimed their cause of action arose on March 17, 1970, and they had never filed a notice of their claim in accordance with Section 63-30-13, U.C.A.1953, their action was forever barred under the statute.

On appeal, plaintiffs assert that the trial court erred in granting defendant's motion for summary judgment because there was a genuine issue of material fact as to whether the City could rely on the Statute of Frauds as a defense where plaintiffs had relied on

the minutes of the Commission and expended money to survey the property of defendant. Plaintiffs contend that they are not, as a matter of law, precluded under the facts asserted from being awarded *any* relief.

In Birdzell v. Utah Oil Refining Company [1] this court affirmed a summary judgment rendered on the ground that neither the alleged agreement nor an adequate memorandum thereof was in writing as required by Section 33–5–3, U.C.A.1943 (25–5–3, U.C.A.1953). This court held that a letter, alleged to represent the agreement, would not suffice as a memorandum. This court stated:

. . . It is fundamental that the memorandum which is relied upon to satisfy the statute of frauds must contain all the essential terms and provisions of the contract. . . .

█ In the instant action the city property which was to be exchanged was not identified in the minutes.

Under all the authorities, the memorandum here in question is wholly insufficient to take the alleged sale out of the statute of frauds for the reason that there is no sufficient or any description of the land alleged to have been sold. . . . [2]

█ The acts asserted by plaintiffs as part performance are insufficient, as a matter of law, to warrant a decree of specific performance.

In DeMarco v. Estlow,[3] the plaintiff urged that his action in obtaining a survey in furtherance of the agreement was sufficient part performance to sustain an oral agreement for the sale of real estate. The court responded:

Acts merely ancillary to an oral agreement for the sale of lands, although attended with expense, are not considered acts of part performance sufficient to relieve the case from the provisions of the statute of frauds. [Citations] [4]

█ Plaintiffs cannot prevail on the alternative claim for damages for defendant's alleged repudiation of the agreement. The doctrine of part performance is not available in an action for damages on an oral contract to convey land.[5]

1. 121 Utah 412, 413, 416, 242 P.2d 578, 580 (1952).

2. Adams v. Manning, 46 Utah 82, 84, 148 P. 465, 466 (1915).

3. 18 N.J.Super. 30, 86 A.2d 446, 447–448 (1952).

4. See 3 Williston on Contracts (3d Ed.), Sec. 494, p. 565: "The preparation of deeds or giving instruction for preparation will not validate the contract. . . ." Also see 101 A.L.R. 996–997.

5. Ravarino v. Price, 123 Utah 559, 578–579, 260 P.2d 570 (1953); Baugh v. Darley, 112 Utah 1, 5, 184 P.2d 335 (1947).

Finally plaintiffs contend that the trial court erred in its determination that Section 63–30–13 applies to a cause of action based on contract.

Section 63–30–13 provides:

A *claim* against a political subdivision shall be forever *barred unless notice thereof is filed* within ninety days after the cause of action arises, . . .. Emphasis added.]

Section 63–30–2(5) provides:

The word "claim" shall mean *any claim* brought against a governmental entity or employees as *permitted by this act*; [Emphasis added.]

Section 63–30–5 provides:

Immunity from suit of all governmental entities is waived as to any *contractual obligation.* [Emphasis added.]

Since an action on a contractual obligation is a claim permitted under the Utah Governmental Immunity Act, notice of such claim must be filed in accordance with Section 63–30–13.

The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.