503 P.2d 446

**ROOSENDAAL CONSTRUCTION & MINING CORPORATION, a Utah corporation, Plaintiff and Appellant,**

v.

**Vernon L. HOLMAN, Chairman of Utah State Tax Commission, et al., Defendants and Respondents.**

**No. 12504.**

Supreme Court of Utah.

Nov. 15, 1972.

Henriod, J., did not participate.

E. H. Fankhauser of Cotro-Manes, Fankhauser & Beasley, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for respondents.

TUCKETT, Justice:

During the month of March 1970, the plaintiff corporation was issued a special fuel permit by the Utah State Tax Commission in accordance with the provisions of Section 41–11–52, U.C.A.1953. Subsequently a dispute arose between the plaintiff and agents of the Tax Commission concerning the filing of reports of fuel used by the plaintiff in its motor vehicles, the furnishing of a bond to guarantee payment of the excise taxes levied on the fuel, and the payment of the taxes when due. The dispute culminated in the issuance of an order by the Tax Commission for the seizure of a vehicle owned by the plaintiff. After the seizure of the vehicle, the plaintiff commenced these proceedings in the district

court in which it prayed for the issuance of an extraordinary writ restraining the Tax Commission from seizing property of the plaintiff and also to compel the Commission to return the vehicle seized. The plaintiff further alleged that the Tax Commission and its agent, Norman Daniels, acted maliciously and arbitrarily in their actions and procedures in attempting to enforce payment of the excise taxes and in compelling the plaintiff to supply a surety in a greater amount than was reasonable to insure payment of the tax. The plaintiff claims that it is entitled to damages both compensatory and punitive as against the Tax Commission and also against the individual members of the Commission and its agent, Norman Daniels.

Upon filing the complaint the plaintiff procured the issuance by the court below of a temporary restraining order and injunction. After the order was issued the Tax Commission restored to the plaintiff its seized vehicle. The defendants filed a joint motion to dismiss the plaintiff's complaint and after a hearing was had in the court below an order was issued dismissing the complaint with prejudice upon the following grounds: (1) that the corporate powers of the plaintiff corporation had been suspended by the Secretary of State pursuant to the provisions of Section 59–13–61, U.C.A.1953, at the time these proceedings were commenced. However, in connection with this ground for dismissal it would appear from the record that while the corporation had been suspended it thereafter paid its delinquent franchise taxes and the reviver was issued prior to the time of the hearing on the motion; (2) that the acts complained of fall within the provisions of Section 63–30–10, U.C.A. 1953, and the defendants are immune from suit; (3) that the defendants are not liable as individuals in their private capacity; (4) that the issues raised as to the seizure of the plaintiff's vehicle became moot upon its restoration to the plaintiff.

■ The plaintiff here is assailing the ruling of the court below in dismissing the complaint and the grounds therefor. In respect to the plaintiff's claim for extraordinary relief it having recovered the vehicle seized by the State to enforce payment of excise taxes that issue is settled and is now moot. As to the plaintiff's claim for damages it must proceed, if at all, pursuant to the provisions of Title 63, Chapter 30, U.C.A.1953, known as the Governmental Immunity Act. A prerequisite in pursuing a claim against the State or its officers is a compliance with Section 63–30–12, U.C.A. 1953, which reads as follows:

A claim against the state or any agency thereof as defined herein shall be forever barred unless notice thereof is filed with the attorney general of the state of Utah and the agency concerned within one year after the cause of action arises.

It appears that the plaintiff's complaint is fatally defective in that it does not allege compliance with that section.[1]

It appears from the record in this case that the defendants in the matters herein complained of by the plaintiff were pursuing their duties in the collection of excise taxes the defendants claim to be due the State. It also appears that the acts complained of were performed in good faith by the defendants and within the statutory authority granted to them. The ruling of the court below that the defendants are not subject to a suit for damages in their private capacities is correct.[2]

In view of our decision in respect to the claimed errors above mentioned we do not deem it necessary to comment upon the problem of whether or not suspension of the plaintiff's corporate powers prevented it from commencing or maintaining the suit.

The order dismissing the complaint in the court below is affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT, and CROCKETT, JJ., concur.

HENRIOD, J., does not participate herein.

1. Fidelity and Deposit Co. of Md. v. Claude Fisher Co., 161 Cal.App.2d 431, 327 P.2d 78; Hamilton v. Salt Lake City, 99 Utah 362, 106 P.2d 1028; Hawes v. Bigbie, 120 Ga.App. 294, 170 S.E.2d 302.

2. Sheffield v. Turner, 21 Utah 2d 314, 445 P.2d 367; Kelley v. Dunne, 1 Cir., 344 F.2d 129.