**Lois CROWDER, Plaintiff and Respondent,**

**v.**

**SALT LAKE COUNTY, a body politic, and John Does I through X, Defendants and Appellant.**

**No. 14405.**

Supreme Court of Utah.

July 16, 1976.

Gerald G. Gundry, Warren M. Weggeland, Salt Lake City, for appellant.

R. Paul Van Dam, Salt Lake County Atty., Merlin R. Lybbert and Scott Daniels of Worsley, Snow & Christensen, Salt Lake City, for respondent.

TUCKETT, Justice:

In these proceedings the plaintiff seeks to recover against Salt Lake County for injuries she suffered in an automobile accident on October 28, 1974. Salt Lake County filed a motion to dismiss the complaint on the ground that the plaintiff had failed to file a notice of her claim within 90 days as required by the Utah Governmental Immunity Act. The section of that act which is involved here is 63–30–13, U. C.A.1953, which provides as follows:

A claim against a political subdivision shall be forever barred unless notice thereof is filed within ninety days after the cause of action arises; provided, however, that any claim filed against a city or incorporated town under section

---

2. *Kesler v. Department of Public Safety*, 369 U.S. 153, 169–170, 82 S.Ct. 807, 817, 7 L.Ed.2d 641, 653 (1962).

63–30–8 shall be governed by the provisions of section 10–7–77, Utah Code Annotated, 1953.

The court denied the defendant's motion, and the case is here on appeal.

The plaintiff was injured when the automobile she was operating collided with a bridge abutment which was owned by Salt Lake County. The plaintiff claims that the County was negligent in designing the bridge so that it created an unreasonable hazard for motorists using the street.

■ Prior to 1965, actions for negligence could not have been maintained against the State or its political subdivisions for an injury caused by a defective, unsafe or dangerous condition of any road or bridge except municipalities. In 1965, the state legislature adopted the Governmental Immunity Act, which waives sovereign immunity, and adopted conditions under which suits against public bodies could be maintained. For the type of injury here involved three different periods of time were fixed during which notices of claims must be filed against different branches of government. The statute provided that notice of claims against the State must be filed within one year after the cause of action arose and as provided in the statute above set forth notice of claims against the county must be filed within 90 days, and claims against a municipality were governed by the provisions of Section 10–7–77, U.C.A.1953. The 30-day period pertaining to municipalities was before this court in the case of *Gallegos v. Midvale City*,[1] and after that decision was handed down by this court, the legislature amended Section 10–7–77 to extend the period for filing a claim to six months. As the law now stands the period during which notice must be given is one year for the state, 90 days for a county, and six months for a city or town. The trial court was of the opinion that the differences between state, counties and cities are not such as to require different time periods for filing notices of claims, and that there was no reasonable basis for such classification and this had the effect of denying to the plaintiff equal protection of the laws and was therefore unconstitutional.

■ The section of the statute here under consideration has been before this court on several other occasions,[2] but the constitutional challenge here presented requires our consideration for the first time. While no precise formula has been enunciated, it is generally held that the legislature has a wide discretion in enacting laws which affect one group of citizens differently than other groups. The constitutional safeguard of equal protection is offended only if the classification rests upon a ground not relative to the State's objective.[3] The legislature is presumed to have acted within their constitutional authority even though inequality results. In the particular statute before us, while we think it may have been preferable for the legislature to have specified a uniform period for all divisions and subdivisions of state government, nevertheless we are of the opinion that the statute should not be stricken down merely because the legislature adopted three periods during which notices of claims must be filed.[4] The trial court in its memorandum decision observed that an anomalous situation would be created if one bridge abutment be in the county and the other abutment in the city or under state jurisdiction. While the court's observation is apt, it is not necessarily controlling, and it should be noted that the notice statute does not require a waiting peri-

---

1. 27 Utah 2d 27, 492 P.2d 1335.

2. *Baugh v. Logan City*, 27 Utah 2d 291, 495 P.2d 814; *Roosendaal Construction & Mining Corp. v. Holman*, 28 Utah 2d 396, 503 P.2d 446; *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435; *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335.

3. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

4. For a contrary view, see *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879.

od, and an injured person could, if he so desired, have filed his notice of claim on the day following the injury.

We are of the opinion that the statute above referred to is not subject to the constitutional challenge, that it denies the plaintiff equal protection of the laws. The decision of the court below is reversed. No costs awarded.

HENRIOD, C. J., and ELLETT and CROCKETT, JJ., concur.

MAUGHAN, Justice (dissenting).

The trial court, in my view correctly analyzed this matter. Its order should be upheld, as modified herein.

The statutory classification is without any reasonable basis and is therefore purely arbitrary.

Plaintiff alleged she sustained her injuries when she collided with a bridge, which allegedly was in a defective, unsafe, or dangerous condition.

Section 63–30–8, U.C.A.1953, as enacted 1965, provides:

> Immunity from suit of *all governmental entities is waived* for any injury caused by a defective, unsafe, or dangerous condition of any . . . bridge . . . . [Emphasis added.]

Section 63–30–2(3) provides:

> The words "governmental entity" shall mean and include the state and its political subdivisions as defined herein;

Section 63–30–2(2) provides:

> The words "political subdivision" shall mean any county, city, town, school district, special improvement or taxing district, or any other political subdivision or public corporation; . . ..

Thus, the legislature in its enactment of Section 63–30–8, enacted a general law waiving immunity from suit of *all governmental entities* for any injuries caused by a defective, unsafe, or dangerous condition of the specified structures. Article I, Section 24, Constitution of Utah, commands: "All laws of a general nature shall have uniform operation."

Under the notice provisions of Title 63, Chapter 30, the general law will not have uniform operation, viz., the law will operate differently, for the same class of persons, sustaining the same injuries, caused by the same conditions, of the same structures, depending on whether a county, city, or the state is responsible.

> A legislative classification is never arbitrary or unreasonable so long as the basis for differentiation bears a reasonable relation to the purposes or objectives to be accomplished by the act. If some persons or transactions, excluded from the operation of law, were as to the subject matter of the law in no differentiable class from those included within its operation, the law is discriminatory in the sense of being arbitrary and unconstitutional. . . .[1]

In *Gallegos v. Midvale City*[2] this court suggested possible purposes of the notice requirements of the Governmental Immunity Act. The governmental entity should have an opportunity to make a prompt investigation, and remedy any defect found to exist.

Conceding the various notice provisions have such a purpose; does the legislative classification bear a reasonable relationship to this purpose? Is there a rational basis to distinguish an individual sustaining injuries, for which the legislature has waived governmental immunity, from others similarly situated; solely on the ground the governmental entity was a city with a six-month notice requirement, a county with a ninety-day notice requirement, or the state with the one-year requirement? The effect of these differing notice requirements is to nullify the uniform operation of a general law. The people excluded by the shorter notice period are not within a dif-

1. *Leetham v. McGinn*, 524 P.2d 323, 325 (Utah 1974).

2. 27 Utah 2d 27, 492 P.2d 1335 (1972).

ferentiable class from those who are granted a longer notice period; therefore, the classification must be deemed arbitrary, unreasonable, and unconstitutional.

Assuming the notice provisions fulfill a legitimate governmental interest, there is no reasonable basis to hold the interest of the county may only be protected by imposing a ninety-day limitation; while the interests of the cities, or the state, may only be protected with periods of six months or one year, respectively. If the tenuous purpose of the notice requirement be accepted, then plaintiff is entitled to the benefit of the one-year period. A reviewing court may correct a discriminatory classification by extending the statutory benefits to those whom the legislature has improperly excluded.[3]

---

3. *In Re Kapperman*, 11 Cal.3d 542, 114 Cal. Rptr. 97, 522 P.2d 657 (1974).