Natrone Ward SEARS, Plaintiff,

v.

Dwain Thomas SOUTHWORTH, Defendant, Third-Party Plaintiff and Appellant,

v.

The STATE of Utah, DEPARTMENT OF HIGHWAYS, Third-Party Defendant and Respondent.

No. 14669.

Supreme Court of Utah.

April 19, 1977.

David B. Havas, of Gale & Havas, Ogden, for appellant.

Lyle J. Barnes, Kaysville, Wallace R. Lauchnor, Salt Lake City, for plaintiff Sears.

Vernon B. Romney, Atty. Gen., Merlin R. Lybbert, Kim R. Wilson, Worsley, Snow & Christensen, Salt Lake City, for respondent.

WILKINS, Justice:

This is an appeal from a dismissal of the third-party complaint of Appellant Southworth (herein "Southworth") against Respondent State of Utah, Department of Highways (herein "State") because of Southworth's failure to comply with the notice of claim requirement set forth in Section 63–30–12, Utah Code Annotated (1953), which is:

> A claim against the state or any agency thereof . . . shall be forever barred unless notice thereof is filed with the Attorney General . . . and the agency concerned within one year after the cause of action arises.

Plaintiff below (not a party to this appeal) filed a complaint against Southworth in November, 1974, to recover for injuries suffered in an automobile accident in May, 1973. Southworth filed an answer and later a counterclaim in December, 1974. In January, 1975, approximately twenty months after the accident, Southworth filed notice of claim against State seeking contribution proportionate to State's negligence in failing to place warning signs on the highway prior to the point where conical signs blocked one lane of traffic, and in February, 1975, Southworth filed his third-party complaint against State. In April, 1975, Southworth filed notice of claim against State seeking recovery for damages suffered by him as a result of State's negligence, and in February, 1976, he filed an amended third-party complaint against State. In March, 1976, the lower court granted summary judgment to State, dismissing Southworth's amended third-party complaint.

■ Southworth raises three arguments on appeal. First, he claims that the maintenance of public highways is a proprietary function of government, and that it is therefore outside the scope of the Governmental Immunity Act [1] and its notice of claim requirement, supra. This Court, however, has consistently viewed the duty to construct and repair streets as governmental. *Niblock v. Salt Lake City*, 100 Utah 2d 573, 111 P.2d 800 (1941); see also, *Cobia v. Roy City*, 12 Utah 2d 375, 366 P.2d 986 (1961).

■ Second, Southworth argues that the notice of claim requirements of the Utah Governmental Immunity Act violate the equal protection guarantees of the State and Federal Constitutions. He reasons that there is no rational basis for the disparate classification of governmental tort feasors and private tort feasors, with notice of claim being required only for the former. This Court has heretofore articulated the rationale of the notice of claim requirement. Among other reasons, notice of claim provides the governmental unit with an opportunity to promptly investigate and to remedy any defect immediately, before additional injury is caused; it helps avoid unnecessary litigation; it minimizes difficulties that might arise from changes in administrations. See e. g., *Scarborough v. Granite School District*, Utah, 531 P.2d 480 (1975),[2] and *Gallegos v. Midvale*, 27 Utah 2d 27, 492 P.2d 1335 (1972). While aware that some state courts [3] have invalidated similar notice of claim requirements, holding that they violate equal protection, this court is not prepared to do so, finding rational bases for the classification. The State claims that *Crowder v. Salt Lake County*, Utah,

---

1. Chapter 30, Title 63, Utah Code Ann. (1953), as amended.

2. The dissenting opinion of Justice Maughan states the rationale of the requirement of notice of claim though the basis of his dissent was that notice in said case was sufficient under Governmental Immunity Act.

3. *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975); *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973); *Reich v. State Highway Dept.*, 386 Mich. 617, 194 N.W.2d 700 (1972).

552 P.2d 646 (1976), is dispositive of this issue; that case, however, involved a different equal protection issue than the one presented here.

Third, Southworth argues that, although no formal notice of claim was filed within the year as required, State did receive adequate notice of the accident and was aware, or should have been aware, of the negligence involved. It is Southworth's contention that because state law enforcement officers investigated the accident and filed a report, including information concerning the placement of the warning sign, the notice requirement had been satisfied. This point is not a matter of first impression with this Court. In *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973), in which the plaintiff (after having mistakenly filed with the state instead of with the county) failed to file a notice of claim with the county within ninety days as required, this Court said, "Actual knowledge of the circumstances which resulted in the death of the plaintiff's mother by officials of the county does not dispense with the necessity of filing a timely claim." Id. at 436. More recently, in *Scarborough v. Granite School District*, supra, in which the principal of the school had filed a written report of the student's accident with the defendant school district but the plaintiff had failed to file notice of claim, this Court said, "We have consistently held that where a cause of action is based upon a statute, full compliance with its requirements is a condition precedent to the right to maintain a suit." Id. at 482.

In addition to Southworth's preceding major arguments, he also notes that the one year notice requirement should not have begun to run until March 7, 1975 when he first learned of the State's negligence. The only matter involved in this appeal is Southworth's claim against the State for personal injuries and property damages he allegedly sustained, *not* the claim he originally made seeking contribution proportionate to State's negligence.

Southworth cannot now validly contend that he did not know, or should not have known, of State's alleged negligence with respect to his affirmative claim against State when he was present at and involved in this accident. He could at the time of the accident, or within one year thereafter, have determined the absence of warning signs on the highway, which is the predicate of his claim on appeal.

Affirmed. No costs.

ELLETT, C. J., and CROCKETT and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent. The notice provisions of the Governmental Immunity Act create an inconsistency which may not be rationalized by the cited excuses, viz., opportunity to investigate and to remedy any defect, the avoidance of unnecessary litigation; the avoidance of difficulties which might arise from changes of administration. These are judicially constructed excuses, without the support of any expressed legislative intention.

Section 63–30–4, U.C.A.1953, as enacted 1965, provides:

. . . Wherein immunity from suit is waived by this act, consent to be sued is granted and liability of the entity shall be determined *as if the entity were a private person.* [Emphasis added.]

The legislature by section 4 has expressly established a classification where immunity has been waived by the Governmental Immunity Act. The governmental entity is specifically classified as a private person.

The act then proceeds by the notice requirements, in this action Sec. 63–30–12, to confer an additional benefit, viz., defense, on one private person which it does not grant to another tort-feasor. The asserted rational basis to support the classification has, in fact, been negated by legislative enactment, which has expressly declared the status of the governmental entity as that of a private person. The effect of the notice provisions is to engraft a condition precedent onto section 4, viz., immunity from suit is only waived if notice during the designated time period is filed. Such an

interpretation creates a patent inconsistency with the express language of section 4. Under section 4, if the act or transaction involving the alleged tort falls within one of the provisions waiving immunity, such immunity is waived from the inception of the commission of the tort, and the liability of the entity is henceforth deemed that of a private person.

This Court has consistently adhered to the standard set forth in *State v. Mason* : [1]

It is only where some persons or transactions excluded from the operation of the law are as to the subject matter of the law in no differentiable class from those included in its operation that the law is discriminatory in the sense of being arbitrary and unconstitutional. If a reasonable basis to differentiate those included from those excluded from its operation can be found, it must be held constitutional. . . .

Since the legislature has specified that governmental entities, where immunity has been waived, are included in the same classification as private persons, there is no reasonable basis to differentiate the governmental entities from other tort-feasors, who are excluded from the operation of the notice requirements. The notice requirements are unconstitutional.[2]

In *Turner* and *Reich*, the Nevada and Michigan Courts took an unwavering look at notice provisions, such as those we review. They correctly concluded such were barred, because equal protection of the law was denied. They also hold such provisions to be violative of due process, as to minors.

In this jurisdiction we have some decisions involving minors which are in need of correction.[3]

For another example of these notice provisions as a trap for the unwary, see: *Crowder v. Salt Lake County.*[4]

1. 94 Utah 501, 510, 78 P.2d 920, 117 A.L.R. 330 (1938).

2. See *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879, 59 A.L.R.3d 81 (1973); *Reich v. State Highway Department*, 386 Mich. 617, 194 N.W.2d 700 (1972); 59 A.L.R.3d 93, § 5(b), 111–114.

3. *Scarborough v. Granite School District*, Utah, 531 P.2d 480 (1975); *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973); *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335 (1972).

