Vilate B. McDONALD and Evelyn Brough, Plaintiffs and Respondents,

v.

BARTON BROTHERS INVESTMENT CORPORATION, Third-Party Plaintiff and Respondent,

v.

GOLDEN WEST DEVELOPMENT CORPORATION, INC., and L. A. Campbell, Third-Party Defendants and Appellant.

No. 16974.

Supreme Court of Utah.

May 14, 1981.

---

George K. Fadel, Bountiful, for third-party defendants and appellant.

Rodney S. Page, Clearfield, Stanley M. Smedley, Layton, for plaintiffs and respondents.

HOWE, Justice:

The trial court ordered appellant L. A. Campbell to convey two subdivision lots to the plaintiffs or, in the alternative, to pay to defendant and third-party plaintiff Barton Brothers Investment Corporation ("Barton") the amount of $27,900, with a $5,000 set-off for improvements made by Campbell to the lots. Barton was also found liable to plaintiffs for the conveyance of the lots or for the payment of the above amount. Campbell only appeals from the judgment against him.

Plaintiffs are daughters of B. O. Brough, deceased, whose estate on December 16, 1970, contracted to sell 22 acres of land at $3,000 per acre to Barton. The agreement gave the seller the option of retaining one lot to be created from the property, in which case the final installment payment was to be adjusted accordingly.

On July 29, 1974, Barton paid the balance due on the contract and received from the sellers a warranty deed dated July 15, 1974, which was recorded on July 30, 1974. Barton also then entered into a new written agreement to sell two lots to the plaintiffs in the proposed subdivision. They were to choose the lots within 10 days after the plat was recorded and to pay $5,000 for off-site improvements to be constructed by Barton, within 30 days after their completion, on the basis of $2,500 per lot.

Meanwhile, on June 7, 1974, Barton had contracted in writing to sell the Brough property to Campbell for $8,500 per acre. Although there was discussion of Barton's obligation to sell two of the lots to the plaintiffs, the sales contract made no reference to that obligation, nor did it provide for an option for them to purchase two lots. Campbell did admit, however, that he told Barton "that down the road we would work it out." When the sale was closed, $8,500 of the purchase price paid by Campbell was placed in an escrow account apparently to provide the funds for Barton to buy back two lots for the plaintiffs. Barton conveyed the property to Campbell by warranty deed dated July 18, 1974, which was also recorded on July 30, 1974.

The subdivision developed by Campbell was eventually annexed, not to Kaysville as anticipated, but to Fruit Heights on June 24, 1976. The lots allegedly selected some time later for plaintiffs by their realtor brother were sold to other purchasers, and Campbell's associate denied any obligation to convey the lots to plaintiffs. The $5,000 to be paid by them for off-site improvements was never tendered, since plaintiffs knew "their" lots had been sold.

After unproductive discussions among the parties, plaintiffs brought suit against Barton who in turn brought Campbell and his real estate corporation into the suit as third-party defendants. The trial court

found "no cause of action" against the corporation, but entered judgment against both Barton and Campbell, finding them liable to plaintiffs for the conveyance of the lots or the payment of their current value.

As the basis for its judgment adverse to Campbell, the trial court stated in its conclusions of law that

> the defendant Campbell verbally agreed with Barton Brothers Investment Corporation to assume the obligations of Barton Brothers Investment Corporation to Plaintiff pursuant to the Contract dated December 16, 1970, including, but not necessarily limited to, the obligation to convey to plaintiff the lots in question; and although the agreement between defendant Campbell and Barton Brothers Investment Corporation was verbal in nature, the Court makes the conclusion that the agreement should be enforced under the doctrine of part performance, which in this case amounted to full performance on the part of Barton Brothers Investment Corporation by the conveyance to defendant Campbell of the real property in question.

Campbell challenges the judgment below on the ground that any obligation on his part to convey the lots to plaintiffs was admittedly based on discussions or oral agreements that were not reduced to writing, and is, therefore, subject to the statute of frauds, § 25–5–3, U.C.A.1953, as amended. He further asserts that there was no sufficient memorandum or part performance to satisfy the statute and justify the court granting specific performance.

The trial court found the existence of an oral agreement that Campbell would make the lots available for sale to plaintiffs. The controlling issue on this appeal is not whether that oral contract was proved by clear and convincing evidence, however, but whether the alleged acts of part performance were themselves referable to and done in pursuance of that contract. If the acts relied on were not done in the execution of the oral contract but can be explained on another ground, they are insufficient to remove the bar of the statute of frauds, and the contract is unenforceable. See *Holmgren Brothers, Inc. v. Ballard*, Utah, 534 P.2d 611 (1975); *Price v. Lloyd*, 31 Utah 86, 86 P. 767 (1906); 2 Corbin on Contracts, § 430 (1950). This Court in *In re Roth's Estate*, 2 Utah 2d 40, 44, 269 P.2d 278, 281 (1954) stated that the reason for this requirement

> is that the equitable doctrine of part performance is based on estoppel and unless the acts of part performance are exclusively referable to the contract, there is nothing to show that the plaintiff relied on it or changed his position to his prejudice, so as to give rise to an estoppel.

See also *Ravarino v. Price*, 123 Utah 559, 260 P.2d 570 (1953) and *Coleman v. Dillman*, Utah, 624 P.2d 713 (1981).

The doctrine of part performance has been applied generally in cases where valuable improvements have been made to property by a plaintiff who has taken possession, e. g., *Ryan v. Earl*, Utah, 618 P.2d 54 (1980), or where the contract terms have been fully performed by the party seeking enforcement of a clear and definite oral contract. *Randall v. Tracy Collins Trust Co.*, 6 Utah 2d 18, 305 P.2d 480 (1956). In these cases failure to enforce the oral contract would work a fraud on the person who performed pursuant to the terms of the agreement.

In the instant case, if the oral agreement is viewed as a separate agreement from the written contract, it is questionable whether there was any consideration given to Campbell for his oral promise to sell the two lots. However, assuming there was consideration, we find error in the trial court's characterization of Barton's conveyance of the property to Campbell as "full performance" which under the doctrine of part performance avoids the bar of the statute of frauds.

■ Performance of the written Barton-Campbell sales contract was in no wise an act referable to an oral agreement to sell two lots to plaintiffs. The performance of a written contract containing definite terms cannot be considered part performance of an oral agreement containing different terms. No authority has been cited to us

by Barton to sustain such a position. There is nothing in the fact that Barton sold and conveyed the property to Campbell which points to an agreement to sell the lots to the plaintiffs. Nor do we find in the record any other evidence of part performance by Barton or the plaintiffs which would suffice. Barton did not take any effective steps to secure the lots for the plaintiffs after he conveyed the property to Campbell. The plaintiffs did not select their lots as provided in their agreement with Barton within ten days of the recording of the plat in the spring of 1976. Campbell was not paid for the lots. Neither Barton nor the plaintiffs took possession or made any improvements.

If we view the oral promise to sell the plaintiffs the two lots as an additional term of the written contract between Barton and Campbell, we are then confronted with the problem of the parol evidence rule. At the trial, counsel for Campbell properly made objection to Barton's attempt to vary the written contract by adding an additional oral term in violation of that rule. The doctrine of part performance has no application in these circumstances and cannot avail Barton anything.

Barton next contends that there were sufficient written memoranda to satisfy the statute of frauds. He refers us to the closing statement on the sale between Barton and Campbell where the following entry appears, "Escrow 1 acre $8500." This brief reference is insufficient because the closing statement was not signed by Campbell as required by § 25–5–3, nor does it contain the essential terms and provisions of the contract. *Birdzell v. Utah Oil Refining Co.*, 121 Utah 412, 242 P.2d 578 (1952). The same objections also hold true with regard to a notation made on the stub of the check which was used to make final payment to the Brough estate.

The trial court as an alternative to specific performance awarded a money judgment against Campbell for the current value of the lots sought by plaintiffs. Assuming that the equitable doctrine of part performance is available to a plaintiff in an action for damages on an oral contract to convey land,[1] the claimed part performance here was insufficient for the same reasons we have already enunciated with regard to the action of Barton for specific performance.

Reversed as to Appellant L. A. Campbell. Costs to appellant.

HALL and STEWART, JJ., and TUCKETT, Retired Justice, concur.

MAUGHAN, C. J., does not participate herein; TUCKETT, Retired Justice sat.

CROCKETT, J., heard arguments but retired before the opinion was written.

---

1. Cf. *Ravarino v. Price*, 123 Utah 559, 260 P.2d 570 (1953); *McKinnon v. Corporation of the* *President*, Utah, 529 P.2d 434 (1974).